## Orrin F. Place v. The People ex rel., etc.

87 527
a192s 160

1. CORPORATIONS—*Can Exercise Corporate Acts Only Within the State.*—The general rule is that corporations can exercise strictly corporate acts only within the State of their creation.

2. SAME—*The President, a Corporate Officer.*—The president of a corporation is a corporate officer by the express provisions of Sec. 6, Chap. 73, p. 995, Starr & Curtis' Ill. Statutes 1896.

3. SAME—*Elections Can Be Held Only Within the State.*—Corporate elections can be held only within the State under whose laws the corporation is organized, unless there is a statute permitting them to be held elsewhere.

4. SAME—*Directors as Agents.*—Directors of corporations organized in this State, as agents of their corporations, may transact business of the nature and purpose for which their corporations were formed, but they are without power or authority to perform strictly corporate acts outside of this State.

5. MANDAMUS—*Acquiescence and Laches, When Not a Bar.*—When an information in the nature of a *quo warranto* requires the relator to show a *de jure* title to an office, an acquiescence of five years on the part of the people does not constitute a bar to the proceeding in mandamus by way of estoppel, or *laches.*

Mandamus.—Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1899. Affirmed. Opinion filed February 27, 1900.

J. C. McBRIDE and KRETZINGER, GALLAGHER & ROONEY, attorneys for appellant.

JAMES M. TAYLOR and FRANK P. DRENNAN, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

A petition was presented March 7, 1893, to the Circuit Court of Christian County, by Joseph C. Creighton, State's Attorney of that county, for leave to file an information in the nature of a *quo warranto* against Orrin F. Place, in behalf of the People of the State of Illinois, upon the relation of Reuben Wilkinson. The court granted leave, and the information was filed.

The information, among other things, set forth that Orrin F. Place, for three years past and more, in said county of Christian, had unlawfully held and executed, and still does hold and execute, without any warrant or right whatsoever, the office of president of the Crowned King Mining Company, a corporation existing under and by virtue of the laws of the State of Illinois, having its principal office in Edinburg, in said county of Christian and State of Illinois, etc., and prays that Orrin F. Place may be required to show by what warrant he claims to hold and execute the office aforesaid. To this information Orrin F. Place interposed three pleas, to which the court sustained a general demurrer, and Orrin F. Place abiding by his pleas, judgment of ouster was entered against him.

Orrin F. Place brings the case to this court and urges us to reverse that judgment on the grounds that the pleas set up a good defense to the information and the court erred in sustaining a demurrer to them.

The pleas each averred that appellant claimed title to the office in question by virtue of his having been elected thereto more than five years before the information was filed, at a meeting of the directors of said company, held in Arizona, outside of this State; that appellant had acted as such officer since his said election, with the full knowledge and consent of all the stockholders and officers of the company, and with the full acquiescence of the relator and the People of the State of Illinois, which facts were, by the pleas, relied upon as a bar to the proceeding.

In the state of the case as disclosed by the record, appellee was properly calling upon appellant to show a *de jure* title to the office of president of the Crowned King Mining Company, a corporation organized under the laws of this State, with its principal office at Edinburg, Christian County, Illinois; and appellant undertook by his pleas to show such title or facts as would bar the proceeding. The only title set up by the pleas was that he was elected such president at a meeting of the directors of that company, held outside the State of Illinois.

The general rule is that corporations can only exercise strictly corporate acts within the State of its creation. Reichwald et al. v. Commercial Hotel Co., 106 Ill. 439, and Bastiam et al. v. Modern Woodmen, 166 Ill. 595.

The president of the corporation is a corporate officer by the express provision of Sec. 6, Chap. 73, p. 995, Starr & Curtis' Ill. Statutes (1896). Thompson in his Commentaries on the Law of Corporations, Sec. 703, in Vol. 1, p. 544, Ed. 1895, states the general rule to be that " corporate elections can only be held within the State under whose laws the corporation is organized, unless there be a statute of the State permitting it to be held elsewhere." Directors of corporations organized in this State, as agents of their corporations, may transact business of the nature and purpose for which their corporations were formed, but they are without power or authority to perform strictly corporate acts outside of this State, and the attempt on the part of the directors of said company to elect appellant president thereof at a meeting held in Arizona, as stated in the pleas, did not constitute him the *de jure* president thereof.

As to appellant's claim that the acquiescence of the relator and the people in his acting as president of that company after his said election until this information was filed, constituted a bar to this proceeding by way of estoppel, and *laches*, we will say that the information required him to show a *de jure* title to the office; and such acquiescence or delay does not give him *de jure* title thereto, nor does such acquiescence or delay tend in any manner to work any unreasonable prejudice to appellant, or to the stockholders of the Crown King Mining Company, if he is forced to quit acting as the *de facto* president thereof, and should not bar the proceeding for that reason.

Inasmuch as the pleas did not set up a *de jure* title in appellant to the office in question, or otherwise show a valid defense to the proceeding, the court properly sustained a demurrer thereto, and as appellant stood by his pleas, the judgment of ouster properly followed, which we must affirm. Judgment affirmed.